UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KESHIA MARIE LEE,

    Plaintiff,

v.                                          Hon. Hala Y. Jarbou

THE UNITED STATES,                 Case No. 1:24-cv-205

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

On February 29, 2024, Keshia Marie Lee filed a form Complaint for the United States Court of Federal Claims in this Court. She completed the caption by listing the case number as 23-bk-02044-SWD and the judge as Scott Dale[s]. (ECF No. 1.) Under the Jurisdiction section, Lee states:

> I would like to remove this case to federal court pursuant to F.R. bankruptcy procedure Rule 9027. According to 28 U.S. Code 1333(1) federal courts have original jurisdiction to here [sic] my case. 28 U.S.C. § 1446.

(*Id.* at PageID.1.) Under the Statement of the Claim section, she states:

> Motion filed without notification of filing. Bank violate[d] Federal Rules of Civil Procedure 8a. Refuse to produce balance sheets on both loans. Discharge complete, tax return filed and accepted by IRS. 982 filed for 2015 Mitsubishi Outlander. Lien needs to be released.

(*Id.* at PageID.2.) Finally, in the Relief section, Lee states:

> Relief for all debts, release of storage from Cube Smart. Release of lein [sic] by Community Promise Federal Credit Union.

(*Id.* at PageID.3.)

Lee's intent and purpose for this filing are not clear, but the docket report for the above-referenced bankruptcy case sheds some light on the possibilities. Lee filed a pro se Chapter 7

bankruptcy petition on September 5, 2023. (*See* Case No. 23-02044, Doc. #1.) On October 11, 2023, Community Promise Credit Union (CPCU) filed a motion for relief from the automatic stay with regard to the 2015 Mitsubishi Outlander, noting that it was a secured creditor with a first priority lien on the vehicle and that Lee had no equity in it. (*Id.*, Doc. #20.) On November 28, 2023, CPCU filed an affidavit stating that it had received no objection to the motion, and none had been filed with the court. (*Id.*, Doc. #26.) On November 30, 2023, Judge Dales granted CPCU's motion for relief from stay, allowing it to exercise its rights under applicable non-bankruptcy law with regard to the vehicle. (*Id.*, Doc. #28.) On January 31, 2024, Judge Dales sent Lee a letter acknowledging her filing of a document entitled "Certificate of Retention of Debtor in Possession" and noting that he would not take any action on it until she filed a proper motion. (*Id.*, Doc. #38.) On February 14, 2024, Lee filed a motion to reconsider the November 30, 2023 order. (*Id.*, Doc. #42.) On February 16, 2024, the court issued a notice of hearing regarding Lee's motion to reconsider. A hearing is presently set for March 19, 2024. (*Id.*, Doc. #43.)

With the foregoing in mind, here are the possibilities. First—and this is really nothing more than speculation—perhaps CPCU filed a state-court claim and delivery action against Lee, and Lee is seeking to remove that action to this Court pursuant to Federal Rule of Bankruptcy Procedure 9027. If so, her notice is defective under Rule 9027(a)(1), and I would recommend that this matter be dismissed on that basis. Second, it may be that Lee's complaint is really a notice of appeal of the November 30, 2023 order granting CPCU relief from the automatic stay. If so, the Court should direct the Clerk of this Court to state on the complaint/notice the date on which it was received, transmit it to the bankruptcy clerk, and designate this matter as a bankruptcy appeal. Fed. R. Bankr. P. 8002(a)(4). Finally, it may be that Lee is attempting to use Rule 9027 to remove the bankruptcy case to the district court. If so, that is not a proper use of the rule. The bankruptcy

court is a unit of the district court. 28 U.S.C. § 151; *In re Conco, Inc.*, 855 F.3d 703, 709 (6th Cir. 2017) (noting that the bankruptcy court is a unit of the district court). Much the same way that this Court refers civil cases to its magistrate judges, the bankruptcy court hears bankruptcy cases pursuant to an order of reference, although the reference occurs pursuant to a standing order rather than an order issued in the particular case. 28 U.S.C. § 157(a). Given this background, Rule 9027 is not an appropriate vehicle to remove a bankruptcy case to the district court. It is true that a district court may withdraw the reference for a particular case "on its own motion or on timely motion of any party, for cause shown." *Id.*, § 157(d). However, Lee neither mentioned Section 157(d) nor articulated a basis for cause. Moreover, "when considering § 157(d), Congress indicated that there was no intention to allow this subsection to become 'an escape hatch through which most bankruptcy matters will be removed to the District Court from the bankruptcy court.'" *In re Appalachian Fuels, LLC*, 472 B.R. 731, 737 (E.D. Ky. 2012) (quoting *In re Onyx Motor Car Corp.*, 116 B.R. 89, 91 (S.D. Ohio 1990) (quoting 100 Cong. Rec. H1850) (internal quotation marks omitted)). While Lee probably did not intend her complaint as an action to withdraw the reference in her bankruptcy case, if the Court finds that to be the case, I recommend that it dismiss the action on the ground that Lee failed to allege any basis for meeting such "high bar in order to justify permissively removing [the] matter from the capable hands of the Bankruptcy Court." *Nukote Int'l, Inc. v. Office Depot, Inc.*, 3:09-0921, 2009 WL 3840482, at *3 (M.D. Tenn. Nov. 16, 2009) (citing *In re Federated Dep't Stores, Inc.*, 189 B.R. 142, 144 (S.D. Ohio 1995) (noting that there must be a "clear demonstration of cause" and "extraordinary circumstances" in order to withdraw the reference)).

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss this action or recharacterize it as a bankruptcy appeal, as it deems appropriate. I further recommend that an appeal of this action

would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Lee appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1). *See McGore*, 114 F.3d at 610-11.

Date:  March 4, 2024                                                     /s/ Sally J. Berens
                                                                          SALLY J. BERENS
                                                                          U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).