UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KESHIA MARIE LEE,

    Plaintiff,

v.

    Case Nos. 1:24-cv-205

    Hon. Hala Y. Jarbou

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

On February 29, 2024, Keshia Marie Lee filed a form complaint seeking to "remove" her bankruptcy case (case number 23-bk-02044) "to federal court." (ECF No. 1.) The magistrate judge filed a Report and Recommendation ("R&R") outlining different courses of action depending on how the Court construes Lee's complaint. (ECF No. 7.)

While Lee's intent and purpose were not initially clear, through subsequent filings, including Lee's objection (ECF No. 10) and her motion to reopen the bankruptcy case in this Court (ECF No. 12), it appears Lee wants this Court to adjudicate issues related to her bankruptcy case via removal under Bankruptcy Rule 9027.[1] (Compl., PageID.1.) The R&R explained that removing the bankruptcy case to this Court via Bankruptcy Rule 9027 is improper. (R&R 2-3.) Before the Court are the R&R and Lee's timely objection. The Court agrees with and adopts the R&R as it relates to the Bankruptcy Rule 9027 removal, subject to additional analysis responding to Lee's objection. Lee's objection will be overruled. Her complaint will be dismissed.

---

[1] Despite the R&R providing various options as to how the Court should construe her filing, including treating this filing as notice of appeal, Lee reiterated her intent to "remove[] this action" and have the Court resolve the issues related to her bankruptcy case. (Obj., PageID.30.)

> Under Rule 72 of the Federal Rules of Civil Procedure,
>
> > the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R discusses relevant details pertaining to Lee's initial bankruptcy case. (R&R 1-2.) Her dispute centers on Community Promise Credit Union ("CPCU")'s alleged wrongful repossession of her 2015 Mitsubishi Outlander and correspondence threatening to garnish her wages. (*Id.* at 2; *In re Lee*, No. 23-02044, 2024 WL 3092581, at *1, *3 (Bankr. W.D. Mich. June 21, 2024).) Lee now seeks "[r]elief for all debts, [r]elease of storage from Cube Smart," and a "[r]elease of lein [sic] by [CPCU]." (Compl., PageID.3.)

Lee seeks to remove her case from the bankruptcy court to this Court under Bankruptcy Rule 9027. (Compl., PageID.1.) The magistrate judge examined the Rule 9027 removal through 28 U.S.C. § 157, which provides a standing order for bankruptcy courts to hear federal district court cases related to chapter 11 bankruptcies. (R&R 3.) While § 157(d) allows for a district court to withdraw a reference to bankruptcy court, this withdrawal process is seldom used as there is a "high bar . . . to justify permissively removing [a] matter from the capable hands of the Bankruptcy Court." (*Id.* (quoting *Nukote Int'l, Inc. v. Office Depot, Inc.*, 3:09-0921, 2009 WL 3840482, at *3 (M.D. Tenn. Nov. 16, 2009)).) The R&R attempted to give Lee the benefit of the doubt, construing her Rule 9027 filing through a means in which removal from a bankruptcy court to a district court is at least possible, even if not proper given the facts of the case. However, as Lee points out in her objection, she did not file a chapter 11 bankruptcy and did not cite § 157. (Obj., PageID.30.)

Instead, Lee seeks removal under 28 U.S.C. § 1446. (*Id.*) However, § 1446 does not confer authority for this type of removal. Lee is attempting to remove a case from bankruptcy court to

2

the district court, but § 1446 only allows for "[a] defendant or defendants . . . to remove any civil action from a State court." 28 U.S.C. § 1446.  Lee cannot remove this case under § 1446 for two reasons: (1) she is not a defendant; and (2) she seeks to remove a civil action from bankruptcy court, not a state court.  Removal from a bankruptcy court to a district court is, generally, not proper because the bankruptcy court is a "unit of the district court."  *See In re Conco, Inc.*, 855 F.3d 703, 709 (6th Cir. 2017).  This Court can review bankruptcy court action on appeal; however, as indicated above, Lee wants to remove the case, not appeal it.  (Obj., PageID.30.)

Additionally, Lee seeks relief from debts and a release of liens and property (Compl., PageID.1), issues best suited for bankruptcy court.  *See, e.g.*, *In re Bentley*, 607 B.R. 889, 891-92 (Bankr. E.D. Ky. 2019) (discussing bankruptcy court's resolution of lien issues).  Lee seems to understand that these issues are meant for bankruptcy court, as this relief is similar to what she seeks in her motion to reopen the bankruptcy case, claiming CPCU violated bankruptcy rules. (Mot., PageID.46.)  She may file an appeal to this Court on matters related to bankruptcy issues when appropriate.  Further, while Lee suggests that her "civil rights and due process have been violated," which constitute claims that may be proper before this Court, she provides no further facts or details, and she does not cite constitutional provisions or laws under which these claims arise.  Lee may bring civil rights and constitutional claims in this Court, but she must file a proper complaint—with sufficiently alleged facts—to do so.  Her complaint does not present any issues for this Court to address at this time, so it will be dismissed.

Accordingly,

**ITS IS ORDERED** that the report and recommendation ("R&R") of the magistrate judge (ECF No. 7) is **APPROVED** and **ADOPTED** as the opinion of the Court, subject to the additional analysis in this order.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 10) to the R&R is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint seeking removal of case 23-bk-02044 from bankruptcy court to this Court (ECF No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for order of subpoena (ECF No. 8) and Plaintiff's motion for order to reopen bankruptcy case 23-02044 in case number 1:24-cv-205 (ECF No. 12) are **DENIED** as moot.

Dated: September 9, 2024              /s/ Hala Y. Jarbou
                                      HALA Y. JARBOU
                                      CHIEF UNITED STATES DISTRICT JUDGE